W. Rod McClelland, Jr., #179771
McCLELLAND LAW OFFICES, APC
2273 E. Beechwood Avenue, Suite 103
Fresno, California  93720
Telephone (559) 322-2224
Facsimile (559) 322-2227

Attorney for: Plaintiff, DEREK STEWART

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK STEWART,<br><br>    Plaintiff,<br><br>vs.<br><br>DEL MONTE FOODS and Does 1 through 25 inclusive,<br><br>    Defendants. | Case No.  1: 06-CV-00472-AWI-SMS<br><br>**APPLICATION AND ORDER FOR RECONSIDERATION OF DISMISSAL FOR MISTAKE, INADVERTENCE, SURPRISE AND GOOD CAUSE AND ORDER FOR REMAND** |

**RELIEF SOUGHT**

    Plaintiff, DEREK STEWART (hereinafter "PLAINTIFF") seeks application for reconsideration of Stipulated Dismissal entered in the above-captioned matter, on May 23, 2006, and further seeks the court to dismiss the federal cause of action for Breach of Contract and an order remanding this matter Fresno Superior Court for litigation of the remaining State law cause of action.

///

///

## GROUNDS FOR RELIEF

Good cause, within the meaning of Rule 60(b) of the Federal Rules of Civil Procedure, exists for vacating the dismissal in this action because, as is more fully shown in the Supporting Memorandum of Law and the Affidavit of W. Rod McClelland, Jr.:

1. When the parties herein agreed to Stipulate to a dismissal in this matter, the agreement was only to dismiss the Federal Cause of Action, for Breach of Contract, and leave the remaining State Cause of Action intact so that the matter could be remanded back to the Fresno Superior Court of California.

2. That counsel for PLAINTIFF mistakenly believed a Stipulation to dismiss the Federal Cause of Action was the only way to have the matter remanded back to the Fresno Superior Court of California.

3. That when the matter was not automatically remanded down to Fresno Superior Court of California, counsel for PLAINTIFF filed a Motion to Remand with the above-captioned court seeking an Order to Remand.  Counsel was thereafter advised that the above-captioned court lacked jurisdiction over this matter due to the dismissal of the entire action, pursuant to the Stipulation.

4. Counsel for PLAINTIFF then attempted to have the Fresno Superior Court of California set this matter for a Case Management Conference to have the matter appear back on the courts calendar and civil active list.  Counsel was advised that Fresno Superior Court lacked jurisdiction without a executed Order for Remand from the above-captioned court.

5. That counsel for PLAINTIFF then attempted to obtain a second Stipulation from counsel for Defendants' supplementing the original Stipulation which lacked the language seeking an Order to Remand, for the magistrate to sign, which would remedy the entire dismissal of this action in the United States District Court.  Counsel for Defendants refused to sign the Stipulation on October 5, 2006.

6. It would be an injustice to dismiss the entire action of PLAINTIFF, including the State law Cause of Action in this case because this was not the intention of the parties when agreeing, signing and filing the Stipulation to Dismiss the Federal Cause of Action in this matter. Furthermore, PLAINTIFF could be precluded from filing another action in Fresno Superior Court of California for the State law Cause of Action of Violation of California Government Code section 12940, et seq., due to the inadvertent dismissal of the entire action at the Federal District Court level.   PLAINTIFF will be harmed and prejudiced due to the mistakes made in this matter if this court does not vacate the dismissal and order remand.

7. Defendant, will not be prejudiced by the granting of relief because, Defendant agreed to the remand the action back to the Fresno Superior Court of California at the time of the Stipulation between the parties.

This application for reconsideration is based on this *Application for Reconsideration of Dismissal and Order to Remand*, the accompanying *Affidavit of W. Rod McClelland, Jr.,* the accompanying *Memorandum of Law*, and the *Order On Application For Reconsideration Of Dismissal And Order For Remand*, filed concurrently with this Application, on all the pleadings

and papers on file in this action, an on whatever evidence and argument is presented at a hearing on this motion. Dated:  October 20,  2006                    McCLELLAND LAW OFFICES

By:_____/s/_____

W. Rod McClelland, Jr.,

Attorneys for Plaintiff

DEREK STEWART

### ORDER ON APPLICATION FOR RECONSIDERATION OF DISMISSAL AND ORDER FOR REMAND

This Court has considered Plaintiff DEREK STEWART'S Application for Reconsideration of the dismissal entered on May 23, 2006, and considered the request of counsel to vacate this dismissal, pursuant to Rule 60(b)(1), and order dismissal of the federal cause of action of Breach of Contract only and for a further order to remand this action back to the California Superior Court, County of Fresno.  A review of the parties' May 30, 2006 stipulation to dismiss confirms Plaintiff's position.  This document's plain reading indicates the parties only sought to dismiss the second cause of action.  Defendant has neither filed an objection to Plaintiff's motion nor a declaration that conflicts with Plaintiff's attorney's declaration regarding the parties' intention.

Having reviewed the papers submitted on this Application and the authorities cited: IT IS HEREBY ORDERED that:

1. Plaintiff, DEREK STEWART'S Application for Reconsideration be GRANTED;
2. That the dismissal of the entire action dated May 23, 2006, is hereby VACATED;
3. The second cause of action for Breach of Contract is dismissed;
4. The reaming causes of action in this matter are remanded to the California Superior Court, County of Fresno for all purposes.

IT IS SO ORDERED.

**Dated:   November 6, 2006**                              **/s/ Anthony W. Ishii**

0m8i78                                                UNITED STATES DISTRICT JUDGE

App & Order for Reconsideration of Dismissal and to Order Remand